**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Civil Action No. 4:19-cv-00090 |
| | § | |
| ULTRA PETROLEUM CORP., *et al.*, | § | Chapter 11 |
| | § | |
| Debtors. | § | Bankruptcy Case No. 16-32202 |
| | § | (Jointly Administered) |
| | § | Adversary No. 17-3044 |
| SOUTHERN CALIFORNIA PUBLIC POWER AUTHORITY, *et al.*, | § | |
| | § | Hon. Vanessa D. Gilmore |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| ULTRA RESOURCES, INC., | § | |
| | § | |
| Defendant/Counter-Claimant, | § | |
| | § | |
| v. | § | |
| | § | |
| SOUTHERN CALIFORNIA PUBLIC POWER AUTHORITY, *et al.*, | § | |
| | § | |
| Counter-Defendants. | § | |

**COUNTER-DEFENDANT ANADARKO E&P ONSHORE LLC'S OBJECTION TO RECOMMENDATION TO WITHDRAW REFERENCE**

Counter-Defendant Anadarko E&P Onshore LLC ("Anadarko") submits this Objection to the Report and Recommendation to Withdraw Reference entered by the Bankruptcy Court in the above-captioned adversary proceeding on January 9, 2019. Anadarko agrees with the Bankruptcy Court's conclusion that it lacks subject matter jurisdiction over the claims brought by Defendant/Counter-Claimant Ultra Resources, Inc. ("Ultra") against Anadarko in this proceeding. But, having reached that conclusion, the Bankruptcy Court should have immediately dismissed the

claims against Anadarko rather than recommending that this Court withdraw the reference. For this reason, Anadarko objects.

## I. STATEMENT OF THE CASE[1]

This case involves a dispute over the allocation of liability for a net profits interest ("NPI") in oil and gas leases in the Pinedale Field in Wyoming. *See* R. & R. at 5, ECF No. 1. Ultra, the operator, contends that Anadarko, a former Pinedale Field working interest owner, underpaid its share of the NPI under the governing contract (the "Supplemental Accounting Agreement" or "SAA"). *Id.* at 7. Ultra's primary claim against Anadarko is for declaratory relief regarding the interpretation of the SAA and the amount, if any, of Anadarko's resulting liability. *See id.*[2] Anadarko disputes Ultra's interpretation of the SAA and disagrees that it owes anything further to Ultra, relying on prior litigation in Wyoming state court and the plain text of the agreement in support of its position. *See id.* at 5, 7.

Other current or former working interest owners, including Plaintiffs Southern California Public Power Authority and Turlock Irrigation District ("Plaintiffs"), also dispute Ultra's interpretation of the SAA. *See id.* at 6. Plaintiffs initiated this adversary proceeding against Ultra before confirmation of its plan of reorganization. *Id.* They allege, among other things, that Ultra breached the SAA by overcharging them for their share of NPI liability. *See id.* at 6–7. Ultra filed its counterclaims against Plaintiffs, Anadarko, and other parties ***after*** Ultra's chapter 11 plan was confirmed and substantially consummated. *See id.* Anadarko therefore moved to dismiss for lack of subject matter jurisdiction, arguing that Ultra's state law claims against Anadarko do not pertain

[1] The Background and Procedural History sections of the Bankruptcy Court's Report and Recommendation concisely and accurately summarize the facts and procedural history underlying this dispute.

[2] Ultra also purportedly seeks turnover of property of the estate under 11 U.S.C. § 542, but its turnover claim is based on a disputed breach of contract claim and is therefore improper, as Anadarko argued (among other things) before the Bankruptcy Court. *See id.*; *see also* Anadarko's Mot. to Dismiss ¶¶ 30–35, Adv. D.E. 99.

to the implementation or execution of its plan, and thus do not satisfy the Fifth Circuit's standard for post-confirmation "related to" jurisdiction under 28 U.S.C. § 1334. *See id.* at 12–16; *see also* Anadarko's Mot. to Dismiss ¶¶ 16–23, Adv. D.E. 99.[3] The Bankruptcy Court agreed. *See* R. & R. at 16.

The Bankruptcy Court has deep familiarity with Ultra's operations, the NPI, and the SAA. For example, in addition to overseeing Ultra's chapter 11 proceedings, the Bankruptcy Court has handled a separate adversary proceeding involving a dispute between Ultra and some of the current NPI owners. *See In re Ultra Petroleum Corp.*, Case No. 16-32202 (Bankr. S.D. Tex.); *Hartman v. Ultra Petroleum Corp.*, Adv. No. 16-03520 (Bankr. S.D. Tex.). The Bankruptcy Court has also reviewed the extensive briefing submitted by the parties in connection with their summary judgment motions on collateral estoppel and interpretation of the SAA, *see* R. &. R. at 10, but because of its conclusion that it lacks subject matter jurisdiction over Ultra's claims against Anadarko, it has not yet ruled on the merits of the parties' dispute.

## II. STATEMENT OF ISSUES AND STANDARD OF REVIEW

Despite the Bankruptcy Court's unequivocal conclusion that it lacks subject matter jurisdiction over Ultra's claims against Anadarko, it did not dismiss them (and Anadarko) from the adversary proceeding. Instead, adopting an argument that Ultra raised for the first time in a supplemental brief filed over a year after commencing its counterclaims, the Bankruptcy Court turned to the District Court's supplemental jurisdiction under 28 U.S.C. § 1367 in an effort to keep all the parties in one forum because of the overlap between Plaintiffs' claims against Ultra and Ultra's claims against the other counter-defendants. *See id.* at 16–17.

[3] Anadarko alternatively moved for permissive abstention or judgment on the pleadings on Ultra's turnover claim, but because the Bankruptcy Court found that it lacked subject matter jurisdiction, it ultimately denied these alternative requests as moot. *See* R. & R. at 16.

Ultra and Anadarko do not dispute that Ultra's claims against Anadarko form part of the same case or controversy as Plaintiffs' claims against Ultra and Ultra's compulsory counterclaims ***against Plaintiffs***, which are within the scope of 28 U.S.C. § 1334. But Anadarko objects to the Bankruptcy Court recommendation that this Court withdraw the reference with respect to the entire adversary proceeding and exercise supplemental jurisdiction over Ultra's claims against Anadarko for three reasons: (i) the Bankruptcy Court lacked subject matter jurisdiction over Ultra's claims against Anadarko, meaning that it lacked jurisdiction to make its recommendation with respect to those claims; (ii) this Court lacks statutory authority to withdraw the reference because Ultra's claims against Anadarko were never "referred" to the Bankruptcy Court in the first place; and, in the alternative, (iii) this Court should exercise its discretion to decline supplemental jurisdiction over Ultra's claims against Anadarko under 28 U.S.C. § 1367(c).[4]

Whether this Court reviews a sua sponte Report and Recommendation from a bankruptcy judge as it would review a report and recommendation from a magistrate judge or as it would review proposed findings of fact and conclusions of law from a bankruptcy judge, this Court must review *de novo* the recommendation of the Bankruptcy Court. *See* 28 U.S.C. § 636(b); FED. R. CIV. P. 59(b)(3); FED. R. BANKR. P. 9033(d).

## III. ARGUMENT

### A. The Bankruptcy Court lacked subject matter jurisdiction to recommend withdrawal of the reference.

When the Bankruptcy Court held that it lacked subject matter jurisdiction over Ultra's claims against Anadarko, its next step should have been to dismiss them. A court cannot act

[4] The Bankruptcy Court also recommended that this Court withdraw the reference of a claim objection raised by Ultra in *In re Vanguard Natural Res., Inc.*, Case No. 17-30560, involving a similar dispute over the allocation of NPI liability under the SAA. *See* R. &. R. at 9–11, 18–19. Anadarko takes no position on this portion of the Bankruptcy Court's Report and Recommendation.

without subject matter jurisdiction. *See, e.g.*, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (noting that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case").

A recent Third Case is instructive. *See Troisio v. Erickson (In re IMMC Corp.)*, 909 F.3d 589 (3d Cir. 2018).[5] In *Troisio*, the bankruptcy court concluded that it lacked subject matter jurisdiction over an adversary proceeding, but the plaintiff contended that it could still transfer the case to a district court under 28 U.S.C. § 1631. *See id.* at 591. The bankruptcy court denied the plaintiff's motion based on an issue of statutory interpretation that is not relevant here. *Id.* at 592. The Third Circuit affirmed the denial of the motion to transfer without even reaching the statutory interpretation issue. *Id.* at 595. It emphasized that because the bankruptcy court had no subject matter jurisdiction over the plaintiff's claims, "[e]xercising jurisdiction over the adversary proceeding so as to transfer it under § 1631 would have been *ultra vires*," and the motion to transfer was properly denied. *Id.*

Similarly, here, when the Bankruptcy Court determined that it lacked subject matter jurisdiction over Ultra's claims against Anadarko, it was obligated to dismiss those claims from the case; it lacked jurisdiction to take any other action on Ultra's claims, including recommending that this Court withdraw the reference. This Court should therefore reject the Bankruptcy Court's recommendation and dismiss Ultra's claims against Anadarko.

### B. This Court cannot withdraw the reference because Ultra's claims against Anadarko were never "referred" to the Bankruptcy Court.

District courts, not bankruptcy courts, have original jurisdiction over proceedings "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Under 28

[5] The Third Circuit issued its opinion in *Troisio* on November 28, 2018, after the parties had already completed briefing and the Court had already heard Anadarko's Motion to Dismiss.

U.S.C. § 157, district courts may (and do) refer such cases to bankruptcy courts. *See id.* § 157(a) (permitting referral of proceedings "arising under title 11 or arising in or related to a case under title 11"). District courts also "may withdraw, in whole or in part, any case or proceeding ***referred under this section***, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d) (emphasis added).

In *Troisio*, after the Bankruptcy Court held that it lacked subject matter jurisdiction over an adversary proceeding, it nevertheless permitted the plaintiff to move the District Court to withdraw the reference. 909 F.3d at 592. The District Court denied the motion, concluding that "because the Bankruptcy Court lacked jurisdiction over the adversary proceeding, the action was never properly referred to the Bankruptcy Court, and ***the District Court could not withdraw the reference of a proceeding that was never referred***." *Id.* (emphasis added).

The same reasoning applies here. The Bankruptcy Court has already held that Ultra's claims against Anadarko do not fall within the statutory definition of proceedings "arising under title 11, or arising in or related to cases under title 11." R. &. R. at 13 (quoting 28 U.S.C. § 1334(b)); *see also id.* at 16. As a result, Ultra's claims were never "referred under [section 157(a)]," and section 157(d) does not permit this Court to withdraw the reference.

**C. This Court should decline to exercise supplemental jurisdiction.**

Even if the Court concludes that the Bankruptcy Court's recommendation is free from these jurisdictional defects and that the Court may withdraw the reference under 28 U.S.C. § 157(d), it should decline to exercise supplemental jurisdiction over Ultra's claims against Anadarko under 28 U.S.C. § 1367(c)(1), which permits this Court to decline to exercise supplemental jurisdiction over a claim if it "raises a novel or complex issue of State law." Here, the parties vigorously dispute whether prior litigation in Wyoming state court—including a ruling by the Wyoming Supreme Court—binds them to a specific interpretation of the SAA. *See, e.g.*, R. &. R. at 5, 6;

Pls.' Mot. for Summ. J. ¶¶ 39–64, Adv. D.E. 51; Ultra's Mot. for Summ. J. ¶¶ 50–93, Adv. D.E. 68. While Wyoming courts previously interpreted the disputed provisions of the SAA, they did so in the context of calculating a settlement credit, and Ultra therefore maintains that their interpretation should not be binding in this adversary proceeding. Despite the parties' extensive briefing in their cross motions for summary judgment, no party has cited a Wyoming case squarely addressing the scope of collateral estoppel in similar circumstances. Thus, because the application of collateral estoppel here is both a "novel" and "complex" issue of state law, the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c).

## IV. CONCLUSION

For the foregoing reasons, Anadarko respectfully requests that this Court: (i) reject the Bankruptcy Court's Report and Recommendation to Withdraw Reference, (ii) dismiss Ultra's claims against Anadarko under Federal Rule of Civil Procedure 12(b)(1), and (iii) grant Anadarko such other and further relief, in law and in equity, that the Court deems just and proper.

Dated: January 23, 2019

Respectfully submitted,

**WINSTON & STRAWN LLP**

*/s/ Melanie Gray*
Melanie Gray
Texas Bar No. 08327980
S.D. Tex. Bar No. 2650
1111 Louisiana Street, 25th Floor
Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700
mggray@winston.com

**ATTORNEY-IN-CHARGE FOR ANADARKO E&P ONSHORE LLC**

**OF COUNSEL:**

Katherine A. Preston
Texas Bar No. 24088255
S.D. Tex. Bar No. 26969884
WINSTON & STRAWN LLP
1111 Louisiana Street, 25th Floor
Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700
kpreston@winston.com

**CERTIFICATE OF SERVICE**

I certify that on this 23rd day of January, 2019, a true and correct copy of the foregoing document has been served via electronic notification to all parties of record.

*/s/ Rick Smith*
Paralegal