UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SOUTHERN CALIFORNIA PUBLIC POWER AUTHORITY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ULTRA RESOURCES, INC., <br><br> Defendant/Counter-Claimant, <br><br> v. <br><br> SOUTHERN CALIFORNIA PUBLIC POWER AUTHORITY, *et al.*, <br><br> Counter-Defendants. <br><br> GRIZZLY OPERATING, LLC f/k/a VANGUARD NATURAL RESOURCES, LLC, <br><br> Reorganized Debtor, <br><br> v. <br><br> ULTRA RESOURCES, INC., <br><br> Claimant. | Civil Action No. 4:19-cv-00090 <br><br> Hon. Vanessa D. Gilmore |

**ANADARKO E&P ONSHORE LLC'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, FOR ABSTENTION, OR FOR JUDGMENT ON THE PLEADINGS**[1]

Counter-Defendant Anadarko Petroleum E&P Onshore LLC ("Anadarko") submits this supplemental brief in support of its *Motion to Dismiss for Lack of Subject Matter Jurisdiction, for Abstention, or for Judgment on the Pleadings* (Adv. D.E. 99) (the "Motion") and in reply to the

---

[1] Originally filed on August 31, 2018 in Adv. No. 17-3044, at Dkt. No. 111.

-1-

*Reorganized Debtors' Response to Anadarko E&P Onshore LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction, for Abstention, or for Judgment on the Pleadings* (Adv. D.E. 100) (the "Response").[1]  At the July 23, 2018 telephonic status conference, the Court requested that the parties brief the following two questions:

> 1. Which subject matter jurisdiction standard applies to claims first asserted against a third-party defendant/counter-defendant joined post-confirmation in an adversary proceeding initiated pre-confirmation?
>
> 2. Does the District Court have subject matter jurisdiction over the post-confirmation claims filed against Anadarko such that withdrawal of the reference could resolve any jurisdictional defects?

Anadarko hereby responds and submits a few brief points in reply to Ultra's Response.

**I.    The Court should analyze whether it has subject matter jurisdiction over Ultra's claims against Anadarko using the narrower standard that applies to post-confirmation litigation.**

1.    Ultra does not, and cannot, dispute that it joined Anadarko to this proceeding by filing the Counterclaims only ***after*** this Court confirmed the Debtors' Plan.  However, Ultra's Response relies on Plaintiffs' initiation of this lawsuit on February 9, 2017—before the Debtors' Plan was confirmed—and argues that "[a] Bankruptcy Court's subject matter jurisdiction over an adversary proceeding is tested at the time the lawsuit was brought to the Bankruptcy Court," meaning that the Court should assess its subject matter jurisdiction as if Ultra had named Anadarko as a counter-defendant pre-confirmation.  Resp. ¶ 14 (citing *In re Doctors Hosp. 1997, L.P.*, 351 B.R. 813, 829 (Bankr. S.D. Tex. 2006); *Bankruptcy Trading & Invs., LLC v. Chiron Fin. Group, Inc.*, 342 B.R. 474, 477 (S. D. Tex. 2006)).  In response to Ultra's argument, the Court asked the parties for authority addressing subject matter jurisdiction over a counterclaim or third-party claim asserted post-confirmation in an adversary proceeding that was pending pre-confirmation.  Based

---

[1]    Capitalized terms that are not otherwise defined herein have the meanings set forth in the Motion.

on the authority summarized below, Anadarko submits that the more restrictive post-confirmation standard applies to Ultra's Counterclaims against Anadarko for at least three reasons.

2. First, in the most procedurally analogous case located, a Southern District of New York bankruptcy court applied the more restrictive post-confirmation standard for subject matter jurisdiction. *See In re Ener1, Inc.*, 558 B.R. 91 (Bankr. S.D.N.Y. 2016). In *Ener1*, the debtor's former CEO filed a proof of claim pre-confirmation based on severance benefits purportedly owed to him under his employment agreement. *Id.* at 93–94. The debtor alleged in its post-confirmation objection to that proof of claim that the CEO's post-confirmation conduct had breached a covenant not to compete contained in that agreement. *Id.* at 94. The bankruptcy court determined that it lacked subject matter jurisdiction over the debtor's objection and breach of contract allegations using the post-confirmation standard.[2] *See id.* at 98 (concluding that the debtor's allegations lacked a "close nexus" with the plan, in part because "[t]he Plan, and its implementation, will not be affected whether the [debtor's objection] succeeds or fails," and "[r]esolution of this dispute does not involve any interpretation of the Plan"). In the absence of any countervailing authority, this Court should follow *Ener1* and analyze Ultra's Counterclaims against Anadarko using the Fifth Circuit's more restrictive pronouncement of post-confirmation subject matter jurisdiction.

3. Second, the Court's assessment of its subject matter jurisdiction must take into account that Ultra's Counterclaims against Anadarko are ***permissive***, and that it joined Anadarko under Rule 20(a) of the Federal Rules of Civil Procedure (made applicable in these proceedings by Rule 7020 of the Federal Rules of Bankruptcy Procedure). It is well established that a

---

[2] The fact that *Ener1* involved a proof of claim filed before confirmation and a claim objection filed post-confirmation is a distinction without a difference. *See id.* at 93–94. The court specifically noted that its conclusion regarding subject matter jurisdiction "would be the same whether [the debtor's claim objection] were asserted as a counterclaim in an adversary proceeding, or, as done here, asserted defensively in the claims allowance process." *Id.* at 94 n.1.

permissive counterclaim requires an independent basis of federal jurisdiction where supplemental jurisdiction does not apply. *See Zurn Indus., Inc. v. Acton Constr. Co.*, 847 F.2d 234, 237 (5th Cir. 1988) ("[I]f the party is brought in pursuant to Federal Rule of Civil Procedure 19 or 20 . . . there must be an independent ground for federal jurisdiction."); *see also NatureSweet, Ltd. v. Mastronardi Produce, Ltd.*, No. 3:12-CV-1424-G, 2013 WL 460068, at *4 & n.4 (N.D. Tex. Feb. 6, 2013) (concluding that permissive counterclaims must be "supported by an independent grant of jurisdiction" absent supplemental jurisdiction); *Cordero v. Voltaire, LLC*, No. A-13-CA-253-LY, 2013 WL 6415667, at *3 (W.D. Tex. Dec. 6, 2013) (same effect); *cf. Walker v. Cadle Co. (In re Walker)*, 51 F.3d 562, 570 (5th Cir. 1995) (holding that the bankruptcy court could not exercise supplemental jurisdiction over a third-party claim).

4. Ultra's argument essentially proposes an exception to (or end-run around) this rule in the interest of judicial efficiency and the convenience of the parties. But judicial economy cannot justify an unauthorized expansion of federal subject matter jurisdiction. *See Griffin v. Lee*, 621 F.3d 380, 389–90 (5th Cir. 2010) (per curiam) (noting that "efficiency and economy cannot confer jurisdiction upon the courts" where Congress has stated otherwise); *Williams v. SeaBreeze Financial, LLC (In re 7303 Holdings, Inc.)*, Bankr. No. 08-36698, Adv. No. 10-03079, 2010 WL 3420477, at *6 (S.D. Tex. Aug. 26, 2010) (Isgur, J.) ("Judicial economy is not a sufficient justification for exercising jurisdiction where the statute has not granted jurisdiction."). The Court must reject Ultra's attempt to pursue a permissive claim against Anadarko where no independent jurisdictional basis exists in this Court.

5. Third, Ultra's Response misapplies the "time-of-filing rule," which evaluates whether subject matter jurisdiction exists over a claim as of the time it was filed. *See* Resp. ¶ 14. Ultra erroneously suggests that the Court should look to the time of filing of the ***complaint*** to test

4

its subject matter jurisdiction over subsequently filed *counterclaims or third-party claims*. In fact, courts consistently take the much more logical approach of testing subject matter jurisdiction over a claim as of the time of filing of *that claim*. *See, e.g.*, *Liberty Mut. Ins. Co. v. Harvey Gerstman Assocs., Inc.*, No. CV–11–4825(SJF)(ETB), 2012 WL 5289587, at *3 (E.D.N.Y. Oct. 24, 2012) ("[J]urisdiction is measured as of the time the third-party complaint was filed . . . ."); *F.D.I.C. v. Eichholz*, No. CV 411–039, 2012 WL 13005939, at *3 (S.D. Ga. Mar. 9, 2012) (applying the time-of-filing rule to conclude that subject matter jurisdiction existed when a counterclaim was filed); *Shalaby v. Irwin Indus. Toll Co.*, No. 07CV2107–MMA (BLM), 2010 WL 5898212, at *3 (S.D. Cal. Jan. 22, 2010) (concluding that the court had jurisdiction "when the third-party complaint was filed"); *SB Pharmco Puerto Rico, Inc. v. Mut. Pharm. Co., Inc.*, 552 F. Supp. 2d 500, 514 (E.D. Pa. 2008) (applying the time-of-filing rule to conclude that the court lacked subject matter jurisdiction when a counterclaim was filed). Accordingly, the Court should determine whether it has subject matter jurisdiction over the Counterclaims against Anadarko as of the date of their filing—that is, after Plan confirmation.

6.  None of Ultra's cited authorities provide otherwise. In *Doctors Hospital*, Judge Bohm rejected an argument that the bankruptcy court lost subject matter jurisdiction over pending litigation once the plan was confirmed, and further held that the court had jurisdiction over the litigation even under the more restrictive post-confirmation standard. 351 B.R. at 829–33. Thus, while *Doctors Hospital* analyzed claims under both the pre-confirmation and the post-confirmation tests for subject matter jurisdiction, it was procedurally dissimilar as it did not involve claims and counterclaims that straddled the confirmation date.[3]

---

[3] Ultra's other cited authority is completely inapposite and unhelpful to Ultra, as the court concluded that it lacked subject matter jurisdiction over a complaint filed almost two years after plan confirmation. *See Bankruptcy Trading & Invs.*, 342 B.R. at 477, 481.

5

7. In addition, the Fifth Circuit has recently reiterated that the time of filing is not necessarily dispositive for cases originally brought in federal court under federal question jurisdiction—as opposed to removed cases or cases based upon diversity jurisdiction. *See 16 Front Street, L.L.C. v. Miss. Silicon, L.L.C.*, 886 F.3d 549 (5th Cir. 2018) (holding that despite lack of subject matter jurisdiction over an original complaint that arose "via federal question, not diversity or removal," the district court should not have dismissed the amended complaint under the time-of-filing rule). While *16 Front Street* arose in the context of an amended complaint filed in district court under 28 U.S.C. § 1331, as opposed to counterclaims brought in bankruptcy court purportedly under 28 U.S.C. § 1334, the opinion and its reasoning suggest that the time-of-filing rule may not govern here at all. *See id.* at 554–561. For all these reasons, the Court should use the post-confirmation test to determine whether it has subject matter jurisdiction over Ultra's Counterclaims against Anadarko.

## II. This Court cannot exercise supplemental jurisdiction over the Counterclaims against Anadarko, and Ultra has not yet moved to withdraw the reference.

8. Anadarko understands that Ultra will argue that withdrawal of the reference would cure any lack of subject matter jurisdiction over the Counterclaims against Anadarko because the District Court, unlike this Court, can exercise supplemental jurisdiction over third-party claims that form part of the same case or controversy as claims asserted under 28 U.S.C. § 1334. *See* 28 U.S.C. § 1367(a) (permitting district courts to exercise supplemental jurisdiction over claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"); *Walker*, 51 F.3d at 570 (prohibiting bankruptcy courts from exercising supplemental jurisdiction over third-party claims); *see also Edge Petroleum Operating Co., Inc. v. GPR Holdings, L.L.C. (In re TXNB Internal Case)*, 483 F.3d 292, 300 (5th Cir. 2007) ("[D]istrict courts have supplemental jurisdiction

over claims that form part of the same case or controversy with bankruptcy claims."). The District Court may withdraw the reference "on its own motion or on the timely motion of any party, for cause shown." 28 U.S.C. § 157(d).

9. Anadarko acknowledges that Ultra's claims against it are factually and legally similar to the claims brought by both Plaintiffs and Ultra in this proceeding, over which this Court has subject matter jurisdiction, and that the Counterclaims against Anadarko are likely part of the "same case or controversy" under 28 U.S.C. § 1367(a). But any determination of whether withdrawal of the reference would cure the issue of subject matter jurisdiction is premature, because Ultra has not filed a motion to withdraw the reference with the clerk as required by Local Rule 5011-1.[4] If and when Ultra attempts to do so, Anadarko will respond appropriately, including by arguing that the District Court should decline to exercise supplemental jurisdiction over the Counterclaims against Anadarko as a matter of discretion under 28 U.S.C. § 1367(c) (giving district courts discretion to refrain from exercising supplemental jurisdiction in four distinct circumstances).[5]

10. In the meantime, Anadarko submits that this Court cannot assert supplemental jurisdiction over it. *See, e.g.*, *Walker*, 51 F.3d at 570. Instead, the Court should grant Anadarko's motion to dismiss for lack of subject matter jurisdiction. If the reference is eventually withdrawn, Ultra can seek to rejoin Anadarko as a third-party counter-defendant once that occurs, and the District Court can decide whether to exercise its supplemental jurisdiction over Ultra's claims.

---

[4] A motion to withdraw an adversary proceeding "must be filed with the clerk." Bankr. S.D. Tex. L.R. 5011-1.
[5] For example, Anadarko may argue that the Counterclaims involve a "complex issue of State law," *id.* § 1367(c)(1), and it reserves the right to raise other arguments in opposition, including that such a motion by Ultra would not be "timely" as defined by 28 U.S.C. § 157(d). *See, e.g.*, *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1007 n.3 (9th Cir. 1997) ("A motion to withdraw is timely if it was made as promptly as possible in light of the developments in the bankruptcy proceeding." (internal quotation marks omitted)); *cf. In re Nat'l Gypsum Co.*, 145 B.R. 539, 542 (N.D. Tex. 1992) (concluding that motion filed within 33 days of triggering pleading was timely).

Finally, even if the Court determines that it has subject matter jurisdiction over the Counterclaims against Anadarko, Anadarko reiterates its alternative requests for permissive abstention and judgment on the pleadings, as further detailed in the Motion and below.

### III. Ultra's Response fails to rebut Anadarko's arguments in favor of dismissal.

11. In addition to answering the Court's questions as set forth above, Anadarko offers a few brief points in reply to Ultra's Response. First, Ultra fails to establish that this Court has subject matter jurisdiction over the Counterclaims under the more restrictive post-confirmation test. While the Response points to certain distinctions between this case and *Craig's Stores*, Ultra completely fails to argue that its Counterclaims relate to the implementation or execution of the confirmed Plan, which was the fundamental reason for the Fifth Circuit's holding that it lacked jurisdiction in *Craig's Stores*. *In re EBCO Land Dev., Ltd.*, No. 04-30519, 2008 WL 1766693, at *4 (Bankr. S.D. Tex. Apr. 17, 2008) ("[I]t is important to recall that the ultimate question posted by the Fifth Circuit in *Craig's Stores* is whether the proceeding pertains to the implementation or execution of the confirmed plan."). Accordingly, Ultra has not shown that this Court has subject matter jurisdiction over the Counterclaims.

12. The Response also repeatedly complains that it would be inefficient and burdensome for Ultra to litigate its claims against Anadarko separately from its claims against Plaintiffs. *See, e.g.*, Resp. ¶¶ 4, 26. Anadarko certainly respects the concern for judicial efficiency, which was a major reason why it agreed to engage in attempts to resolve this dispute consensually. *See* Scheduling Order (Adv. D.E. 58). To the extent that those efforts are unsuccessful, however, inefficiency alone cannot bestow nonexistent subject matter jurisdiction upon this Court.[6] The addition of related claims and parties to a lawsuit will almost always result in greater efficiency,

---

[6] Moreover, Ultra's invocation of judicial economy is puzzling given that Ultra is attempting to relitigate issues that were already tried and appealed in Wyoming state court.

but the Fifth Circuit has nonetheless held that the Court must have an independent basis for federal subject matter jurisdiction over permissively joined parties. *See Zurn*, 847 F.2d at 237.

13. For similar reasons, the Court should disregard Ultra's argument that abstention is inappropriate because "the parties have already filed extensive briefing and all the working interest owners have been joined to these proceedings." Resp. ¶¶ 4, 25. As reflected in the Scheduling Order, in an effort to reach a reasonable and consensual out-of-court resolution, the parties in this case chose to file summary judgment motions and then attend non-binding mediation, with all dispositive motions to be set for a combined hearing at a later date ***only*** if the mediation did not result in settlement. *See* Scheduling Order ¶¶ 2, 3, 5. Thus, the "extensive briefing" that Ultra cites merely reflects the parties' on-the-record agreement to attempt to resolve their disputes in the most efficient and logical manner, and Ultra should not rely on it to argue against abstention.[7] If anything, the fact that the Court has yet to rule on any of the numerous dispositive motions further supports Anadarko's arguments in favor of abstention.

14. Finally, with respect to the merits of Ultra's turnover claim against Anadarko, Ultra has offered no response whatsoever to Anadarko's argument that a turnover action is improper where there is a bona fide dispute of the underlying claim. *See* Mot. ¶¶ 33–35. By failing to respond, Ultra appears to concede this argument. *See, e.g.*, *Williams v. Luminator Holding L.P.*, No. 4:12CV734, 2014 WL 174413, at *7 (E.D. Tex. Jan. 10, 2014); *Kimbrough v. Alamo Colleges*, No. CIVASA09CV0738XRNN, 2010 WL 841368, at *3 (W.D. Tex. Mar. 8, 2010), *adopted by* Case No. 09-cv-0738, ECF No. 31 (W.D. Tex. Apr. 1, 2010). Accordingly, even if the Court concludes that it has subject matter jurisdiction and that it should not abstain from the

---

[7] Additionally, the existence of the "extensive briefing," much of which relates to the interpretation of the SAA and the res judicata effect of prior state court litigation, casts serious doubt on Ultra's suggestion that "the Court's interpretation of the SAA does not involve difficult or unsettled state law." Resp. ¶ 21.

Counterclaims, Anadarko respectfully requests that the Court enter judgment on the pleadings in its favor on Ultra's turnover claim.

## CONCLUSION

For the foregoing reasons, Anadarko respectfully requests that the Court grant the Motion and grant such other and further relief, in law and in equity, as the Court deems just and proper.

Dated: July 26, 2019

Respectfully submitted,

**WINSTON & STRAWN LLP**

*/s/ Melanie Gray*
Melanie Gray
Texas Bar No. 08327980
S.D. Tex. Bar No. 2650
1111 Louisiana Street, 25th Floor
Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700
mggray@winston.com

**ATTORNEY-IN-CHARGE FOR ANADARKO E&P ONSHORE LLC**

**OF COUNSEL:**

Katherine A. Preston
Texas Bar No. 24088255
S.D. Tex. Bar No. 26969884
WINSTON & STRAWN LLP
1111 Louisiana Street, 25th Floor
Houston, TX 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700
kpreston@winston.com

**CERTIFICATE OF SERVICE**

    I certify that on this 26th day of July, 2019, a true and correct copy of the foregoing document has been served via electronic notification to all parties of record.

                                                  /s/ Rick Smith
                                                  Paralegal