**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SOUTHERN CALIFORNIA PUBLIC POWER AUTHORITY, *et al.*, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | |
| ULTRA RESOURCES, INC., | § § | Civil Action No. 4:19-cv-00090 |
| Defendant/Counter-Claimant, | § § | Hon. Vanessa D. Gilmore |
| v. | § § | |
| SOUTHERN CALIFORNIA PUBLIC POWER AUTHORITY, *et al.*, | § § § | |
| Counter-Defendants. | § § | |
| GRIZZLY OPERATING, LLC f/k/a VANGUARD NATURAL RESOURCES, LLC | § § § | |
| Debtors, | § § | |
| v. | § § | |
| ULTRA RESOURCES, INC., | § § | |
| v. | § § | |
| Claimant. | § | |

**REORGANIZED DEBTORS' SUPPLEMENTAL BRIEFING
TO ANADARKO E&P ONSHORE LLC'S
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION,
FOR ABSTENTION, OR FOR JUDGMENT ON THE PLEADING**

1

COMES NOW, Ultra Resources, Inc. ("Ultra") and files this Supplemental Brief to its Response to Anadarko E&P Onshore LLC's ("Anadarko") Motion to Dismiss for Lack of Subject Matter Jurisdiction, For Abstention, or For Judgment on the Pleadings, and would show:

## I.   BACKGROUND

1. On July 23, 2018, the Court held a telephonic status conference to provide the parties an opportunity to update the Court on the parties' progress in reaching a settlement and to inform the Court as to whether the parties' dispositive motions should be set for hearing. As the parties had not yet reached a settlement agreement, the Court set the hearing for September 5, 2018.

2. The Court also addressed Anadarko's Motion to Dismiss [Dkt. 99] and Ultra's Response to Anadarko's Motion [Dkt. No. 100], which the parties had recently filed. The Court requested the parties provide supplemental briefing on two points: (1) the Court's subject matter jurisdiction of a third party claim filed post-confirmation in a lawsuit commenced pre-confirmation; and (2) whether the appropriate relief, if Anadarko's arguments are correct, is to recommend that the District Court withdraw the reference rather than dismiss for lack of subject matter jurisdiction. Ultra hereby submits this supplemental brief to the Court in response to the Court's requests.

## II.   ARGUMENT

3. Ultra believes that the Bankruptcy Court has subject matter jurisdiction of Ultra's third-party claims against Anadarko under 28 U.S.C. § 1334(b), as the claims are "related to" Ultra's bankruptcy proceedings. If the Court disagrees, however, Ultra submits that the appropriate remedy is to recommend that the District Court withdraw the reference to the <u>entire</u> matter. Under sections 1334 and 1367, the District Court has original and supplemental jurisdiction over Ultra's pendant-party claims. Upon withdrawal of the reference, the District

2

Court may decide to retain the case in its entirety as an initial matter, or could otherwise decide to refer it back to the Bankruptcy Court for a Report and Recommendation, which the District Court would review *de novo*. This procedure would allow adjudication of this dispute, as to all interested parties, in a single forum while also ensuring secure jurisdictional footing.

4. Regardless of the Court's decision on jurisdiction, allowing the parties to argue their dispositive motions as scheduled is the most efficient way to proceed. The Bankruptcy Court may take the parties' arguments under advisement pending the District Court's decision.

A. **Subject matter jurisdiction of a post-confirmation third-party complaint in a lawsuit filed pre-confirmation**

5. Despite a thorough search of the statutes, cases, and secondary sources, Ultra has not found another case where an adversary complaint against a debtor, and third party claims filed by a debtor, similarly "straddles" the confirmation date. The closest analogue is cases in which the courts looked to whether the dispute or claim existed prior to the confirmation date. In *In re Craig's Stores of Texas, Inc.*, the Fifth Circuit examined whether there was "antagonism or [a] claim pending between the parties as of the date of the reorganization."[1] In *In re Enron Corp. Sec., Derivative & ERISA Litig.*, the Court observed that "[t]he claims in the instant suit arose before confirmation, indeed pre-petition, although they were not asserted until after confirmation, and they deal with the relations between the parties and a dispute existing before confirmation.[2]

---

[1] 266 F.3d 388, 391.

[2] No. G-05-0012, 2005 WL 1745471, at *6 (S.D. Tex. July 25, 2005). In both *In re Craig's Stores* and *In re Enron Corp.*, the court ultimately held that it lacked "related to" bankruptcy subject matter jurisdiction under 28 U.S.C. § 1334(b). These cases are distinguishable from the present case; *In re Craig's Stores* was a purely post-confirmation dispute and *In re Enron Corp.* found that Enron failed to meet its burden of proving the pre-confirmation claims were not discharged and would therefore have an effect on the implementation or execution of the plan.

6. In the present case, Ultra's dispute with Anadarko pre-dates Ultra's bankruptcy proceedings. As explained in the parties' briefing, Anadarko is a former working interest owner in the Pinedale Field that was subject to the net profits interest and supplemental accounting agreements until October 1, 2013, when it assigned those interests to Encore Energy Partners (now Vanguard Natural Resources, LLC).[3] Ultra's third-party claims for breach of the supplemental accounting agreement and turnover arise from Anadarko's underpayment of NPI payments to Ultra prior to its assignment of interests to Encore. The fact that Ultra's pendant party claims existed prior to confirmation is only relevant, however, to analyses of purely post-confirmation disputes and/or claims, such as those discussed in *Craig's Stores*. That is not the case here.[4]

7. Based on the District Court's analysis in *In re Osteopathic Hosp., Inc.*, which involved jurisdictional issues similar to those present here, Ultra examined more fundamentally whether the Bankruptcy Court has the requisite statutory authority to assert jurisdiction over Ultra's pendant-party claims. Ultra concludes the following:

- Section 1334 clearly confers federal jurisdiction over the pre-confirmation claims between SCPPA/Turlock and Ultra.

- If the bankruptcy court does not have Section 1334 jurisdiction over the pendant-party claims, then supplemental jurisdiction under Section 1367 is necessary. Under Fifth Circuit precedent, bankruptcy courts do not have supplemental or pendant-party jurisdiction, but the District Court does.

---

[3] Anadarko Motion to Dismiss at ¶12.

[4] An additional distinction from *Craig's Stores* is the fact that if Ultra reaches a settlement with the NPI Owners in the related adversary case *Doyle and Margaret M. Hartman v. Ultra Petroleum Corp., et al* (Adv. No. 16-ap-3250), Ultra will seek contribution from Anadarko for the proportionate share of the NPI obligation, related to the period of their ownership. In the event Ultra receives an adverse final judgment in the Hartman adversary case and must pay additional net profits for periods in which Anadarko was a working interest owner, Ultra will be entitled to contribution of Anadarko's proportionate share of the NPI burden.

4

- The proper remedy would therefore be withdrawal of the reference to the entire case to the District Court, which has 1334 jurisdiction based on the claims between SCPPA/Turlock and Ultra, as well as 1367 jurisdiction over Ultra's pendant-party claims.

*(1) "Related to" Jurisdiction – 28 U.S.C. § 1334(b)*

8. No party disputes that the Court has at least "related to" jurisdiction over the pre-confirmation claims between SCPPA and Ultra.[5] The Fifth Circuit has defined "related to" in broad terms as whether the outcome "could conceivably have any effect on the [debtor's] estate."[6] Although the Plan has now been confirmed, jurisdiction is determined as of the date the action was initiated.[7] SCPPA and Turlock filed its adversary complaint against Ultra prior to confirmation, and the effect on Ultra's estate was clear—among other things, SCPPA and Turlock sought turnover of over $2 Million of allegedly overpaid Net Profits Interest payments.[8]

9. Although SCPPA and Turlock's Complaint was filed before the confirmation date, Ultra did not file its Third-Party claims against Anadarko until May 16, 2017, two months after confirmation.[9] In response to the Court's questions regarding post-petition third-party claims, Ultra searched for an example of a bankruptcy court exercising "core" or "related to" jurisdiction over not only the claims between the defendants and plaintiffs, but to a post-confirmation pendant-party claim as well. Ultra neither located an example of a bankruptcy

---

[5] *In re Goldstar Emergency Med. Services, Inc.*, No. 04-51468, 2007 WL 208441, at *1 (Bankr. S.D. Tex. Jan. 23, 2007) ("During the pendency of a bankruptcy estate, the statutory test for the bankruptcy court's jurisdiction is whether the proceeding is at least 'related to' the main bankruptcy case. 28 U.S.C. § 157(a).").

[6] *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987).

[7] *In re Doctors Hosp. 1997, L.P.*, 351 B.R. 813, 829 (Bankr. S.D. Tex. 2006) (citing *Arnold v. Garlock, Inc.*, 278 F.3d 426 (5th Cir. 2001)).

[8] Complaint [Dkt. No. 1] at ¶¶60–76.

[9] *See* Confirmation of the Plan, dated March 14, 2017.

5

8236975v1

choosing to exercise jurisdiction in a directly analogous circumstance, nor a directly analogous example where a court declined to do so.

10. Anadarko argues in its motion to dismiss that Section 1334 bankruptcy jurisdiction does not exist over Ultra's third party claims post-confirmation because no estate exists. Even if that is correct, which Ultra disputes, Anadarko's analysis is incomplete because it does not address supplemental jurisdiction.

### (2) *Supplemental Jurisdiction – 28 U.S.C. § 1367*

11. If the Court does not have jurisdiction of Ultra's post-confirmation, pendant-party claims under 28 U.S.C. § 1334, the Court may not be able to assert jurisdiction over Ultra's third-party claims without supplemental jurisdiction under 28 U.S.C. § 1367. Section 1367(a) provides for supplemental jurisdiction over claims forming part of the same case or controversy with "any civil action over which the district courts have original jurisdiction." 28 U.S.C. § 1367; *In re TXNB Internal Case*, 483 F.3d 292, 300 (5th Cir. 2007). It provides a court with jurisdiction to hear claims over which it would otherwise lack jurisdiction but for the fact that the claims form part of the same case or controversy as claims over which the court does have jurisdiction.

12. Here, Ultra and Anadarko are not diverse, as they are both incorporated in Delaware and have principal places of business in Texas.[10] Ultra also recognizes that its claims against Anadarko are rooted in state law and do not involve a federal question. Without Section 1334 jurisdiction, the Court must have supplemental jurisdiction to hear Ultra's third-party claims. However, the Fifth Circuit has rejected the argument that Section 1367 applies to Bankruptcy Courts.

---

[10] Debtors' Counterclaim and Fed. R. Civ. P. 20 Joinder of Counter-Defendants [Dkt. No. 12] at ¶¶ 1, 6.

8236975v1

13. In *Matter of Walker*, a defendant/third-party plaintiff argued that supplemental jurisdiction provided the bankruptcy court authority to hear its third-party claims against the third-party defendant.[11] The Fifth Circuit concluded that Section 1367 addressed the power of the *district courts* to exercise supplemental jurisdiction, and did not discuss the power of the bankruptcy courts to reach pendant parties. *Walker* held that absent a Congressional statute conferring upon the bankruptcy courts the power to exercise supplemental jurisdiction, the bankruptcy court did not have the power to hear the third-party claims. Citing *Walker*, subsequent cases have stated this conclusion more succinctly—"Bankruptcy courts may not exercise supplemental jurisdiction."[12]

14. Accordingly, if Ultra's pendant-party claims do not sufficiently "relate to" the Bankruptcy Proceedings to invoke jurisdiction under Section 1334(b), this Court does not have jurisdiction and withdrawal of the reference to the District Court would be necessary.

**B. The proper remedy is not dismissal, but withdrawal of the reference to the District Court.**

15. The Court's second question asks whether the appropriate relief is to recommend that the District Court withdraw the reference rather than dismiss Ultra's third-party claims for lack of subject matter jurisdiction. In the event Anadarko is correct, and the Bankruptcy Court does not have jurisdiction over Ultra's third-party claims, withdrawal of the reference to the District Court is the proper remedy because the District Court has the original and supplemental jurisdiction required to hear all the claims in this case. This Court may make such recommendation with or without a party's motion and may also recommend that that the District

---

[11] 51 F.3d 562, 570 (5th Cir. 1995).

[12] *In re TXNB Internal Case*, 483 F.3d 292, 300 (5th Cir. 2007).

7

Court refer the Adversary Proceeding back to the Bankruptcy Court for adjudication of all pretrial matters.

16. Given the lengthy procedural history of this case and this Court's familiarity with the facts and arguments raised in the parties' summary judgment motions, retention of all pretrial matters is appropriate.

*(1) The District Court's Original and Supplemental Jurisdiction*

17. Dismissal of Ultra's third-party claims is not proper because the District Court's original and supplemental jurisdiction over the claims involved in this case is well-established.

> Section 1367(a) provides for supplemental jurisdiction . . . over claims forming part of the same case or controversy with 'any civil action over which the district courts have original jurisdiction.' This includes bankruptcy jurisdiction. It follows that district courts have supplemental jurisdiction over claims that form part of the same case or controversy with bankruptcy claims.[13]

18. Here, Section 1334 provides the District Court original jurisdiction to hear the pre-confirmation claims between SCPPA/Turlock and Ultra, as they indisputably "relate to" the bankruptcy proceedings. If Anadarko is correct, and Section 1334 jurisdiction does not extend to Ultra's post-confirmation third-party claims, the District Court may assert pendant-party jurisdiction under Section 1367 because they form part of the same case or controversy as the pre-confirmation claims.

19. In cases where the Bankruptcy Court does not have jurisdiction over all the claims, this Court has previously recommended the District Court withdraw the reference for the case. *See, e.g., In re Yazoo Pipeline Co., L.P.*, 459 B.R. 636, 656 (Bankr. S.D. Tex. 2011) ("Upon the Bankruptcy Court's Recommendation, the District Court issued an order stating that it would withdraw the reference in this proceeding before trial, but referring pre-trial matters to

---

[13] *TXNB Internal Case*, 483 F.3d at 300 (citing *Publicker Indus. v. United States*, 980 F.2d 110, 114–15 (2d Cir. 1992)).

8

8236975v1

the Bankruptcy Court. Although Mining Oil's claims did not fall within the District Court's bankruptcy jurisdiction under 28 U.S.C. § 1334(a), and thus could not be referred to the Bankruptcy Court's authority, the claims may fall within the District Court's supplemental jurisdiction under 28 U.S.C. § 1367.").

20. The procedure utilized by this Court in *Yazoo Pipeline* may also be the most appropriate remedy in this case as well. Because Section 1334 confers on any federal court jurisdiction over the claims between SCPPA/Turlock and Ultra, the District Court would also be able to hear Ultra's pendant party claims against Anadarko and the other third-party defendants under Section 1367.

### *(2)   The Bankruptcy Court's Report and Recommendation*

21. On its own motion or on timely motion of any party, the District Court may withdraw, in whole or in part, any case or proceeding referred to the bankruptcy court, for cause shown. 28 U.S.C. § 157(d). When determining whether withdrawal of the reference of the adversary proceeding is appropriate, the District Court considers the Report and Recommendation provided by the Bankruptcy Court. *See, e.g., In re Morrison*, 409 B.R. 384, 385 (S.D. Tex. 2009).

22. The Bankruptcy Court may provide a Report and Recommendation to the District Court to *sua sponte* withdraw the reference.[14] Because Section 157(d) permits the District Court to withdraw the reference "on its own motion," a party's motion seeking withdrawal is not required.

23. *In re Osteopathic Hosp., Inc.,* provides a similar situation where the Bankruptcy Court had "related to" jurisdiction under Section 1334 as to some claims, but its jurisdiction over

---

[14] *In re Osteopathic Hosp., Inc.,* CIV.A. 4:07-CV-206-Y, 2008 WL 2522528, at *3 (N.D. Tex. June 25, 2008).

9

8236975v1

the third-party action was in doubt.[15] The court provided the following jurisdiction analysis relevant to the present case:

> In this particular case, because there is a concern as to whether the "related to" jurisdiction under section 1334(b) will be upheld on appeal, with enormous expense and extensive resources at stake, and because the bankruptcy court cannot exercise supplemental jurisdiction, the Court accepts the bankruptcy judge's recommendation to *sua sponte* withdraw the reference of the third-party action. That action will reside with this Court. But since section 157(d) permits the Court to withdraw the reference in whole or in part, and because the Court concludes that the third-party action is related to the Hospital's bankruptcy under section 1334(b) and section 157(a), the withdrawal of the third-party action shall be as follows: The third-party action shall remain with the bankruptcy court for the limited purpose of coordinating discovery and addressing all pretrial matters, including any dispositive motions. The bankruptcy court, however, is DIRECTED only to issue a report and recommendation to this Court on any motions (excluding purely administrative motions) on any pretrial matters, including any dispositive motions. This Court, upon receiving any report and recommendation from the bankruptcy judge and after the parties have had an opportunity to submit any objections thereto, will rule on such motions and enter the appropriate order. Under this course, this Court will be acting and exercising its supplemental jurisdiction over the third-party action with the guidance of the bankruptcy court charged with overseeing the related bankruptcy and the related adversary action . . . .[16]

24. Just as in *Osteopathic Hosp.*, if this Court chooses to request the District Court withdrawal the reference, it should also recommend that all pretrial matters, such as ruling on the parties' numerous motions, remain in the Bankruptcy Court. *See, e.g., In re Brown Med. Center, Inc.*, 578 B.R. 590, 600 (Bankr. S.D. Tex. 2016) (recommending that "the District Court, if it withdraws the reference, then refer the Adversary Proceeding back to the [bankruptcy] judge for adjudication of all pretrial matters). In *Brown Medical Center*, Judge Bohm recommended the bankruptcy court's retention of the pre-trial matters due to his having already "reviewed the numerous motions to dismiss, and responses thereto" and his readiness to "hold hearing on these motions and thereafter issue timely rulings."[17]

---

[15] 2008 WL 2522528, at *3.

[16] *Id*. at *5.

[17] *Brown Med. Center*, 578 B.R. at 600.

25. The District Court in *Osteopathic Hosp* reached the same conclusion, directing the Bankruptcy Court to hear "all pre-trial matters, to include dispositive motions."[18] The same recommendation is appropriate in this case as well. Numerous parties have filed dispositive motions, along with corresponding responses and replies. Given the Court's familiarity with the factual and legal issues involved in this Case and the lengthy procedural history of this case, Ultra requests this Court take the parties' arguments under advisement, and recommend the District Court direct this Court to retain all pre-trial matters.

### III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Ultra respectfully requests that the Court deny Anadarko's Motion to Dismiss for Lack of Subject Matter Jurisdiction, For Abstention, or For Judgment on the Pleadings or, alternatively, request the District Court withdraw the reference as to the entire case, and any additional relief to which it may be entitled.

Dated this 26th day of July 2019.

/s/ Joseph G. Thompson III
Joseph G. Thompson
State Bar No. 00788534
Federal I.D. No. 16780
**PORTER HEDGES LLP**
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6704
Facsimile: (713) 226-6304
Email: joe.thompson@porterhedges.com
*Counsel for Ultra Resources, Inc.*

---

[18] *In re Osteopathic Hosp., Inc.*, , 2008 WL 2522528, at *5.

8236975v1

OF COUNSEL:

Andrew B. Raber
State Bar No. 24063730
Federal I.D. No. 2979653
**PORTER HEDGES LLP**
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6745
Facsimile: (713) 226-6345
Email: araber@porterhedges.com

## CERTIFICATE OF SERVICE

    I certify that on this 26th day of July 2019, a true and correct copy of the foregoing document has been served via electronic notification to all parties of record.

                                /s/ Joseph G. Thompson III

8236975v1